[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on April 25, 1982 at Norwalk, Connecticut. They have two minor children issue of this marriage, Christopher Allen, born April 9, 1983 and Michael John, born August 31, 1985.
All jurisdictional requirements have been met.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The Court has considered all statutory criteria contained in Conn. Gen. Stat. Secs. 46b-54, 46b-56, 46b-81 and 46b-82.
The plaintiff seeks joint custody of the minor children while the defendant seeks sole custody. The issue the parties CT Page 199 present is not whether or not each has the interests of the children at heart, but rather whether or not they will be able to work cooperatively and with unity despite the dissolution of their marriage. In order to successfully execute a joint custody order, the parties must have respect for each other's judgment, they must be able to compromise and remain flexible, and they must, above all, be able to keep their disagreements to themselves without involving the children.
Such a scenario does not indicate that the children will benefit from an order which compels the parties to deal with each other in manner that they have previously been unable to accomplish. Indeed, the evidence indicates that a joint custody order would result in further tension and disagreement which would adversely affect the children.
The court orders the following orders:
1. Custody of the minor children is awarded to the defendant and the plaintiff is awarded rights of reasonable, liberal and flexible visitation.
2. The plaintiff shall pay, as child support, $358.00 per week as for the support of the two minor children, until the oldest child reaches the age of eighteen when child support shall be reduced to $250.00 per week.
3. The defendant shall maintain medical insurance for the benefit of the minor children, equivalent to CMS, Blue Cross and Blue Shield. The parties shall divide all unreimbursed, non insured medical expenses 60 percent to be paid by the plaintiff, 40 percent to be paid by the defendant.
4. Pursuant to Conn. Gen. Stat. 46b-81, the plaintiff shall quitclaim all his right, title and interest to the property located at 109 Old Castle Drive, Monroe, Connecticut to the defendant within one week of the judgment. The defendant shall be responsible for the mortgage, equity line, taxes, insurance and all other expenses associated with the home, and shall indemnify and hold the plaintiff harmless thereon.
5. Pursuant to Conn. Gen. Stat. 46b-81 the plaintiff shall pay to the defendant $7500 within thirty days of judgment.
6. Pursuant to Conn. Gen. Stat. 46b-82 the plaintiff shall pay to the wife as alimony $100.00 per week until the earliest of the following events; the death of either party, the defendant's remarriage, or December 31, 2003. CT Page 200
7. The plaintiff shall cooperate in maintaining the defendant on his health insurance, at her expense, for the full amount of time state and federal law allow.
8. The plaintiff shall be entitled to claim the children as exemptions for tax purposes and the defendant shall execute any forms necessary to effectuate this order.
9. The defendant shall retain ownership of the 1985 Jeep and the plaintiff shall retain ownership of the 1988 Taurus.
10. The husband shall name the children as irrevocable beneficiaries of $250,000 in life insurance for so long as he is obligated to pay child support.
11. The husband shall name the wife as beneficiary of $50,000 in life insurance for so long as he is obligated to pay alimony.
12. Each party shall be responsible for the debts listed in the liabilities section of their respective financial affidavits and hold each other harmless thereon.
13. The husband shall pay to the wife a pendente lite arrearage of $884.00 within thirty days.
14. If the wife agrees with the distribution of personal property suggested by the husband in his proposed orders, said proposal is made the order of the court. If the wife disagrees the parties are referred to the Family Relations Office for mediation regarding personal property and the court retains jurisdiction for further hearing.
15. Each party shall be responsible for his or her own counsel fees.
16. Support orders are entered subject to a contingent wage execution, and the medical insurance orders are subject to Conn. Gen. stat. 46b-84(c).
ELAINE GORDON, JUDGE